UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEREMY MILTON                                                                CIVIL ACTION

VERSUS                                                                       NO. 16-17076

TANGIPAHOA PARISH SHERIFF                                                    SECTION: "F"(3)
DANIEL EDWARDS, ET AL.

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Jeremy Milton, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Louisiana. In this lawsuit, plaintiff challenged the conditions of his former confinement at the Terrebonne Parish Jail[1] and named the following defendants: Terrebonne Parish Sheriff Daniel Edwards; Warden Brandon Pinion; Assistant Warden Schirra M. Finn; Norman Carter; Stewart Murphy; Chad Hickey; Kenneth Berteau; Daniel Hernandez; Randall Garcia; Freeman Ramsey; D. Holiday; Tori Brown; and Ahmad Bickham.[2]

In December of 2016, the case was transferred to this Court,[3] pauper status was granted,[4] and summonses were issued and forwarded to the United States Marshal for service.[5] Edwards,

---

[1] At the time this lawsuit was filed, plaintiff had already been transferred to the Richland Parish Detention Center. He has since been released from incarceration. Rec. Doc. 43.
[2] Rec. Doc. 1.
[3] Rec. Doc. 3.
[4] Rec. Doc. 5.
[5] Rec. Doc. 6.

Pinion, Finn, Carter, Murphy, Hernandez, Holiday, and Brown were successfully served[6] and filed an answer.[7]

In February of 2017, the Court notified plaintiff that the Marshal had been unable to serve Hickey, Berteau, Garcia, Ramsey, and Bickham. Plaintiff was ordered to provide proper addresses for service for those defendants.[8] Plaintiff provided addresses,[9] and summonses were reissued.[10] Bickam and Garcia were successfully served[11] and filed answers.[12]

In May of 2017, the Court notified plaintiff that the addresses he provided for Berteau, Hickey, and Ramsey were incorrect and, therefore, the Marshal was again unable to effect service on them. Accordingly, plaintiff was ordered to show cause why those defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m).[13] Plaintiff filed a response stating that, as a result of the limitations imposed on him due to his incarceration, he had been unable to obtain the addresses for those individuals and requested the Court's assistance.[14] The Court therefore ordered Sheriff Edwards' counsel to provide the last known addresses for those defendants.[15] Counsel complied and summonses were once again reissued to Berteau, Hickey, and Ramsey.[16] However, the Marshal was able to serve only Ramsey,[17] who has since filed an answer.[18]

---

[6] Rec. Docs. 8 and 14-20.
[7] Rec. Doc. 7.
[8] Rec. Doc. 21.
[9] Rec. Doc. 22.
[10] Rec. Doc. 24.
[11] Rec. Docs. 27 and 35.
[12] Rec. Docs. 31 and 36.
[13] Rec. Doc. 32.
[14] Rec. Doc. 33.
[15] Rec. Doc. 34.
[16] Rec. Docs. 37 and 38.
[17] Rec. Doc. 40.
[18] Rec. Doc. 42.

Hickey and Berteau remain unserved and all efforts by both plaintiff and the Court to obtain correct addresses at which those defendants can be served have been unsuccessful.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit. Therefore, he is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, does not relieve him of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

The Court has notified plaintiff that Hickey and Berteau were not served and given him opportunities to cure that defect. Nevertheless, plaintiff has not been able to provide the information necessary for service, and this Court's best efforts to assist him in obtaining addresses were unsuccessful. Therefore, all avenues to resolve the defect have been exhausted, and there is no reasonable likelihood that the Marshal will ever be able to effect service on Hickey and Berteau so that the claims against them can proceed to adjudication on the merits. Accordingly, the claims against those defendants should now be dismissed pursuant to Rule 4(m). See Harris v. McMullen, 609 Fed. App'x 704, 706-07 (3rd Cir. 2015); Shelton v. Angelone, 148 F. Supp. 2d 670, 682-83 (W.D. Va. 2001), aff'd, 49 Fed. App'x 451 (4th Cir. 2002).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Kenneth Berteau and Chad Hickey be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of September, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**