UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEREMY MILTON

VERSUS

TANGIPAHOA PARISH SHERIFF
DANIEL EDWARDS, ET AL.

CIVIL ACTION

NO. 16-17076-DEK

## ORDER AND REASONS

Plaintiff, Jeremy Milton, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, he challenged the conditions of his former confinement at the Terrebonne Parish Jail[1] and named the following defendants: Terrebonne Parish Sheriff Daniel Edwards; Warden Brandon Pinion; Assistant Warden Schirra M. Finn; Norman Carter; Stewart Murphy; Chad Hickey; Kenneth Berteau; Daniel Hernandez; Randall Garcia; Freeman Ramsey; D. Holiday; Tori Brown; and Ahmad Bickham.[2]

On September 20, 2017, the claims against Berteau and Hickey were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).[3]

The remaining defendants have now filed a motion for summary judgment.[4] Plaintiff has opposed that motion.[5] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[6]

---

[1] At the time this lawsuit was filed, plaintiff had already been transferred to the Richland Parish Detention Center. He has since been released from incarceration. Rec. Doc. 46.
[2] Rec. Doc. 1.
[3] Rec. Doc. 47.
[4] Rec. Doc. 53.
[5] Rec. Doc. 55. Although plaintiff's opposition was considered by the Clerk of Court to be deficient, see Rec. Doc. 56, the opposition has nevertheless been considered by the Court in reaching its decision herein.
[6] Rec. Doc. 51.

In their motion, the defendants argue that they are entitled to summary judgment because plaintiff failed to comply with the federal requirement that he exhaust his administrative remedies before filing suit. Regarding such motions, the United States Fifth Circuit Court of Appeals has explained:

> [The federal summary judgment] standards require the court to grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In making this determination, the court should "construe all facts and inferences in the light most favorable to the nonmoving party." Dillon [v. Rogers], 596 F.3d [260,] 266 [(5th Cir. 2010)] (internal quotation marks omitted).
> 
> Failure to exhaust is an affirmative defense, such that the defendants have the burden of demonstrating that [the plaintiff] failed to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). At the summary-judgment stage, this means that the defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Dillon, 596 F.3d at 266.

Wilson v. Epps, 776 F.3d 296, 299 (5th Cir. 2015). Here, the defendants have made that showing.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because plaintiff was incarcerated at the time he filed suit, the exhaustion requirement applies despite the fact that he was subsequently released. See, e.g., Williams v. Henagan, 595 F.3d 610, 619 (5th Cir. 2010); Lay v. Medical Staff, Civ. Action No. 09-3349, 2010 WL 2360967, at *2 (E.D. La. June 8, 2010); see also Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002); Harris v. Garner, 216 F.3d 970, 978-79 (11th Cir. 2000).

Federal courts have taken a strict approach to the exhaustion requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v.

Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Fifth Circuit has emphatically held that the mandatory exhaustion requirement may not be excused by a federal court. The Fifth Circuit stated:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that Underwood [v. Wilson, 151 F.3d 292 (5th Cir. 1998),] has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.* It is irrelevant whether exhaustion is achieved during the federal proceeding. *Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted). Although the mandatory nature of the exhaustion requirement may seem harsh, it is necessary to accomplish the PLRA's goals. As the United States Supreme Court has explained:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought

3

to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In support of their motion, the defendants have submitted the declaration of Captain Stuart Murphy. In that declaration, Murphy states, in pertinent part:

5. I am a keeper of records for the Office of the Tangipahoa Parish Sheriff.

6. I am familiar with the allegations made by Jeremy Milton (hereinafter "Plaintiff") in the above-captioned matter.

7. I was the Jail Administrator at the Tangipahoa Parish Jail (hereinafter "the facility") during the time that Jeremy Milton was incarcerated at the facility.

8. The Tangipahoa Parish Jail has a two-step Administrative Remedy Procedure (hereinafter "ARP") that is explained to all inmates at the facility.

9. A copy of the ARP policy is attached hereto as Exhibit A-1.

10. The first step of the ARP is to file a grievance within 30 days of the date of the incident or incidents complained of in the grievance.

11. A response to the step-one grievance will be issued by designated facility staff within ten (10) days.

12. An offender who is not satisfied with the step-one response may proceed to a step-two appeal by filing another grievance with the word "APPEAL" written at the top.

13. The Jail Administrator will respond to the appeal within 20 days.

14. While incarcerated in the Tangipahoa Parish Jail, Jeremy Milton filed a step-one grievance concerning the incident that forms the basis of his Complaint in the above-captioned matter.

15. The Assistant Warden responded to the grievance on May 12, 2016.

16. A copy of that response is attached hereto as Exhibit A-2.

17. Jeremy Milton did not appeal the Assistant Warden's decision to the Jail Administrator.

4

18. Jeremy Milton never completed step two of the facility ARP.[7]

Plaintiff has failed to properly rebut that evidence. It is true that he seems to suggest in his vaguely worded memorandum of opposition that he submitted a step-two appeal which was never answered.[8] However, a *pro se* plaintiff's allegations in an unsworn memorandum in opposition do not constitute competent summary judgment evidence. See, e.g., Jones v. Anderson, No. 15-10514, 2018 WL 541766, at *1 (5th Cir. Jan. 24, 2018) ("[Plaintiff]'s version of the facts, submitted in the form of 'rebuttals' to [Defendant]'s affidavits, are not sworn nor offered in compliance with 28 U.S.C. § 1746, and, therefore, do not constitute competent summary judgment evidence."); Turner v. Baird, Civ. Action No. 14-cv0625, 2016 WL 7421411, at *3 (W.D. La. Aug. 31, 2016) ("Plaintiff filed a Memorandum in Opposition, but it is merely an unsworn recitation of the facts set forth in his complaint, and it is not accompanied by affidavits. Unsworn memoranda are not competent summary judgment evidence." (citation omitted)), adopted, 2016 WL 7441710 (W.D. La. Dec. 22, 2016), aff'd, 707 Fed. App'x 290 (5th Cir. 2017).[9] Moreover, plaintiff submitted no other competent summary judgment evidence on this issue, such as a sworn affidavit or an unsworn declaration complying with 28 U.S.C. § 1746 in support of his opposition.[10] He

---

[7] Rec. Doc. 53-4.
[8] He states: "The Tangipahoa Parish Jail does have a two-step Administrative Remedy Procedure that was filed. However, Step 2 was never answered by the facility." Rec. Doc. 55, p. 1.
[9] See also King v. Bencie, Case No. 8:16-cv-2526, 2017 WL 4355592, at *1 n.2 (M.D. Fla. Oct. 2, 2017) ("The argument in [Plaintiff]'s unsworn response in opposition to summary judgment is not evidence." (citation omitted)); Brown v. Ratledge, Civ. Action No. 7:16-cv-00303, 2017 WL 4404248, at *5 n.8 (W.D. Va. Sept. 29, 2017) ("[Plaintiff] filed an unsworn response in opposition to [Defendant]'s motion for summary judgment. ... Because the document is not sworn, it is not evidence that can be used to defeat a motion for summary judgment."), aff'd, 709 Fed. App'x 215 (4th Cir. 2018).
[10] "Although Rule 56, as amended in 2010, no longer requires a formal affidavit, an unsworn declaration or statement substituted for a sworn affidavit must still meet important statutory requirements. See Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment. Under 28 U.S.C. § 1746, an unsworn declaration or statement must be written, signed, dated, and certified as true and correct 'under penalty of perjury.'" Banks v. Deere, 829 F.3d 661, 668 (8th Cir. 2016).

likewise submitted no copy of his purported step-two appeal, and, tellingly, in the section of his original complaint concerning grievance appeals, he made no mention of ever having submitted a step-two appeal.[11] Therefore, there is no proper evidence before the Court placing in dispute plaintiff's failure to complete the administrative process.

That is fatal. As the United States Fifth Circuit Court of Appeals has explained: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)). As a result, administrative remedies are not exhausted unless a prisoner pursued his grievance through the *conclusion* of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps."). This is true even if the procedure's provision regarding the availability of further review is phrased in discretionary rather than mandatory terms. Ates v. St. Tammany Parish, Civ. Action No. 13-5732, 2014 WL 1457777, at *3 n.10 (E.D. La. Apr. 15, 2014).

Because defendants' unrebutted evidence establishes that plaintiff failed to pursue his administrative remedies to their *conclusion* as required by federal law, thereby giving the defendants a fair opportunity to consider and possibly resolve the claims without litigation, he failed to exhaust his administrative remedies as required by federal law. Therefore, it is not appropriate for this Court to consider his claims.[12]

---

[11] Rec. Doc. 1, p. 2, Section II(b)(3). Rather, he stated only: "The Ass. Warden sent a written apology and explained that his deputies were consuled [sic]."

[12] Because plaintiff did not exhaust his administrative remedies, the Court need not, and does not, address the defendants' alternative grounds for dismissal.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment, Rec. Doc. 53, is **GRANTED** and that plaintiff's claims are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[13]

**IT IS FURTHER ORDERED** that the trial in this case scheduled for April 26, 2018, is **CANCELED**.

New Orleans, Louisiana, this twelfth day of March, 2018.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[13] If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Johnson v. Gusman, Civ. Action No. 16-6639, 2017 WL 951954, at *3 n.8 (E.D. La. Mar. 10, 2017); Walcott v. Crabtree, Civ. Action No. 13-71, 2013 WL 5236643, at *4 n.17 (E.D. La. Sept. 13, 2013); Fitch v. Louisiana Department of Public Safety & Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 2 and 5.